*United States v. Dancy*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of April, two thousand twenty-six.

PRESENT:

> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*
> JED S. RAKOFF,
> *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 25-257

_____

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

ANFERNEE D. DANCY,

    *Defendant-Appellant.*

_____

| | |
|---|---|
| **For Defendant-Appellant:** | Anne Silver (Terence S. Ward, *on the brief*), Office of the Federal Public Defender, Hartford, CT. |
| **For Appellee:** | Sean P. Mahard (Conor M. Reardon, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Vernon D. Oliver, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 31, 2025 judgment of the district court is **AFFIRMED**.

Anfernee D. Dancy appeals from a judgment of conviction following his plea of guilty to unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), for which he was sentenced to forty-six months' imprisonment. Pursuant to the terms of his conditional plea agreement, which preserved his right to appeal the district court's order denying his motion to dismiss the indictment, Dancy argues that section 922(g)(1) is unconstitutional

both facially and as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review challenges to the constitutionality of a statute *de novo*. *United States v. Concepcion*, 139 F.4th 242, 248 (2d Cir. 2025). Applying that standard, we reject Dancy's argument. In *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), *cert. denied*, No. 25-269, 2026 WL 135708 (U.S. Jan. 20, 2026), we held that section 922(g)(1) does not violate the Second Amendment and is not subject to as-applied challenges, *see id.* at 91–96. And since *Zherka* was issued in 2025, we have consistently rebuffed challenges like Dancy's. *See, e.g.*, *United States v. Gonzalez*, No. 24-1539, 2025 WL 2327335, at *1 (2d Cir. Aug. 13, 2025). Though Dancy "filed this appeal to preserve his rights should the Supreme Court overturn *Zherka* or otherwise hold that [s]ection 922(g)(1) is unconstitutional," Reply Br. at 1, the Supreme Court has not done so, and "[p]ublished panel decisions like [*Zherka*] are binding on future panels unless they are reversed *en banc* or by the Supreme Court," *United States v. Afriyie*, 27 F.4th 161, 168 (2d Cir. 2022) (internal quotation marks omitted). Accordingly, Dancy's challenge fails.

*        *        *

We have considered Dancy's remaining arguments and find them to be

without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court